24966. BURKHALTER *v.* DUKES *et al.*

DECIDED FEBRUARY 25, 1936. REHEARING DENIED MARCH 17, 1936.

*W. T. Burkhalter, H. A. Hodges, J. P. Rabun,* for plaintiff.
*J. Ellis Pope, L. J. Cowart, G. M. Lankford,* for defendants.

BROYLES, C. J. 1. The facts alleged in the petition failed to set out a cause of action against the defendant Richardson, and the court properly sustained his demurrer.

2. Under the allegations of the petition, the plaintiff's cause of action was based on a conspiracy between the defendants to defeat the plaintiff's recovery of certain "cotton or its value," and no recovery could be had without proof of such conspiracy. The evidence failed to show a conspiracy, and the court did not err in granting the nonsuit moved for by the other defendants.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

### ON MOTION FOR REHEARING.

GUERRY, J. W. T. Burkhalter brought suit against Mrs. A. T. Dukes, Cobb and Coombs Warehouse Company, a firm composed of J. Q. Cobb, J. R. Coombs, W. J. Hall, L. R. Corbin, and J. C. Richardson, alleging, in substance, that the plaintiff rented certain farm lands to Mrs. Dukes; that she "fraudulently and criminally disposed of and sold four bales of his cotton made on his said farm;" that the cotton got into the hands of certain named defendants; that the defendants "conspired together jointly and severally" to prevent plaintiff from recovering "his cotton or its value;" and "that all of the said defendants are now coöperating together in this conspired purpose to your petitioner's injury and damage" to the extent of $294.80, for which the plaintiff prayed judgment. The petition shows that J. C. Richardson was county-farm agent representing the Federal government, and fails to show that he received any of the plaintiff's cotton, or any part of the value thereof, or conspired with any of the other defendants; and the court properly sustained his demurrer and dismissed the case as to him.

The court also properly granted a nonsuit as to the other defendants. The plaintiff's case was based on an alleged conspiracy between the defendants, and he failed to prove such a conspiracy. The effect of the evidence adduced was that the defendants refused to help the plaintiff recover his cotton or the value thereof; and this does not constitute proof of a conspiracy between the defendants. The following excerpts from the plaintiff's testimony indicate the nature of his proof: "I asked each one of them, as I talked to them, to tell me how many pounds the bales weighed and its grade, and to give me the best definition he could, so I could

identify the cotton. Each and every one refused to tell me anything about it, except that it was four bales of cotton. . . As to how these gentlemen conspired against me, they refused to give me the information each ought and had to have, and that each one would not tell me. . . I would not swear Mr. J. Q. Cobb, J. R. Coombs, L. R. Corbin, J. C. Richardson, and Mr. and Mrs. A. T. Dukes [defendants] ever entered into an agreement by which they agreed to defraud me and beat me out of this rental." This is not an action to recover rent, but one based on a conspiracy; and proof that the defendants failed or refused to assist the plaintiff is not proof that they conspired to his injury and damage.

It is not necessary in the consideration of this motion, to discuss in detail the refusal of the plaintiff (landowner) to sign the waivers required by the government until it was too late, which resulted in the cancellation of the cotton-reduction contract, and the failure to recover certain rental from the government.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*